ANNA BOSSHARDT, BY HER NEXT FRIEND, ADOLPH BOSS-HARDT, PLAINTIFF-RESPONDENT, v. COMMERCIAL CASUALTY INSURANCE COMPANY, A CORPORATION OF NEW JERSEY, DEFENDANT-APPELLANT.

Submitted October 27, 1939—Decided January 25, 1940.

For the plaintiff-respondent, *Beggs & Grimshaw* (*Charles C. Stalter,* of counsel).

For the defendant-appellant, *Townsend & Doyle* (*Mark Townsend* and *Thomas F. Doyle,* of counsel).

The opinion of the court was delivered by

BROGAN, CHIEF JUSTICE. The question before us is whether the appellant, an insurer, is obliged to pay a judgment recovered by the plaintiff below against a third party under the facts and circumstances exhibited. The determination of the question turns upon whether the unlawful act of the tort feasor which resulted in plaintiff's injury is comprehended by the contract of insurance between the insurer and the assured, Thomas Rooney.

The plaintiff holds a judgment recovered in a separate action against John McNamee, the tort feasor in fact. This suit is for the recovery of that judgment from the appellant. Mr. Rooney is the owner of the automobile which, while under McNamee's control, injured the plaintiff. The appellant is the insurance carrier. The trial court, who heard the case without a jury, found, among other things, that McNamee, at the time of the accident, "was driving the named assured's car with the permission of the named assured." This particular issue was not seriously disputed at the trial, the main question being whether, under the terms of the policy, the insurer may avoid liability for McNamee's negligent act.

The important provision of the contract, paragraph "F," reads as follows: "The unqualified word 'Assured' * * * includes not only the Named Assured but also any other person or organization while using the automobile, * * * and further provided that such use is with the permission of the Named Assured * * *. The provisions of this paragraph shall not apply, however, to any person or organization, or to any employe thereof, operating an automobile repair shop, public garage, sales agency or service station with respect to any accident arising out of the operation thereof; * * * *."

It is the appellant's contention that the plaintiff had the burden to show not only that McNamee drove the car with the permission of the assured, but further that his status was not within the class or kind of person or agency whose liability for the negligent operation of the Rooney car was expressly repudiated by the contract. This "exclusion clause" so called is stated above. The argument in effect is that it was the plaintiff's burden, in addition to showing that the action of McNamee, in driving the car, was authorized, to further show that his act, at the time plaintiff was injured, was not done in a capacity, where protection for the injured person is proscribed by the contract. But this we do not conceive to be the law. The particular clauses of paragraph "F" are not conditions precedent but rather conditions subsequent and are matters for defense which must be pleaded to defeat recovery. *Cf. Center Garage Co.* v. *Columbia Insurance Co.,*

96 *N. J. L.* 456, 459. The appellant recognized this rule of pleading and practice because in its fourth and fifth defenses to both counts of the complaint it pleaded that the contract of insurance excluded the tort feasor McNamee as an insured and, further, that it excluded him "by reason of the circumstances surrounding the operation and control of the automobile at the time of the accident mentioned in the complaint * * *."

The exclusion clause relied upon by the appellant in its argument is a good deal like a proviso where, generally, those benefited by such proviso have the burden of pleading it and, in its proofs, bringing the case within it. The situation, in a case of this kind, may be likened to that where the suit is on a statute. If the enacting clause contains an exception or a proviso the pleading must allege and the proof show the facts to be outside the proviso and within the general clause, but if the exception or proviso be elsewhere than in the enacting clause that is something to be set up in an answer or plea. Compare *Wheatman* v. *Andrews,* 85 *N. J. L.* 107, 112, and authorities there cited.

Now here the provisions of the exclusion part of the paragraph in question stand as an entirely separate provision apart from the contract definition of those included within the meaning of the unqualified word "Assured." Applying the rule mentioned to the issue before us, it was enough for the plaintiff to show facts which would make the insurance company answerable for the action of McNamee within the meaning of the enacting clause and if it could be shown that McNamee was within that class of persons excluded by subsequent language of the contract, it was the defendant's burden to prove that he was within that exception.

The evidence in this case depicts McNamee as a sort of itinerant automobile mechanic; it appears that he took the Rooney car with the owner's consent to grind the valves; that he had no place of business of his own; that he usually did repair work in the driveway adjacent to the home of his brother-in-law, or in the yard; that he did such work as he found it, there being no regularity to his engagements; that on the day in question, after driving the owner home,

he was on his way back to his brother-in-law's home when the accident happened. There was no proof that McNamee operated an automobile repair shop, a public garage, sales agency, or service station, or that he was in the employ of any person or organization who did. These agencies, together with their employes, may not by the terms of the policy be classed as an "assured."

The appellant argues that the case of *Berry* v. *Travelers Insurance Co.*, 118 *N. J. L.* 571, is in point and controlling. A reading of the opinion undeniably shows the facts to be very different. There even appellant conceded that Montcovage was in the garage business. That citation is no authority whatever for this case.

Judge Wolber, who presided at the trial of this case, found for the plaintiff on both essential elements (a) that McNamee, at the time of the accident, was driving the car of the named assured with the permission of such assured and (b) that McNamee was not personally or by affiliation or employment engaged in any of the pursuits which disqualified him from the classification of an "additional assured" under the contract. We agree with his findings.

The judgment will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 15.

*For reversal*—None.